UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLIFTON FREEMAN                                                                                    PETITIONER

V.                                                                         CIVIL ACTION NO. 2:25-CV-13-HSO-ASH

COVINGTON COUNTY JUSTICE COURT, ET AL.                               RESPONDENTS

ORDER

Pro se Petitioner Clifton Freeman filed this case as a petition for habeas corpus under 28 U.S.C. § 2254. Before the Court are three motions he has filed: two motions to clarify (one unsigned [12] and one signed [15]) and a motion for issuance of summonses [14]. For the reasons that follow, the Court grants the second motion to clarify to the extent it offers some clarification herein and denies the other two motions.

I.    Facts and Procedural History

This case arises "from a traffic stop and arrest on October 15, 2024, during which [Freeman says his] constitutional rights were repeatedly violated." Pet. [1] at 1. Freeman's February 4, 2025 petition expressly and repeatedly states that it is brought under 28 U.S.C. § 2254. *Id.*; *see also id.* at 2 ("This Court has jurisdiction pursuant to 28 U.S.C. § 2254, as the Petitioner is in custody within the meaning of the statute due to restrictions imposed by bond, the ongoing criminal proceedings, and the threat of imminent imprisonment."); Civil Cover Sheet [1-1]. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, a § 2254 petition must "be signed under penalty of perjury by the petitioner," and "substantially follow either the form appended to the[] rules or a form prescribed by a local district-court rule." Freeman's petition did not abide by those requirements, so on March 19, 2025, the Court directed Freeman to "complete and sign under penalty of perjury the form used

to file a request for habeas relief pursuant to 28 U.S.C. § 2254" on or before April 9, 2025. Order [7] at 2. When Freeman failed to comply, the Court gave "him an additional opportunity to comply" and ordered him to "file an Amended Habeas Petition as directed in the Court's previous order" by April 18, 2025. Order [8] at 1.

Freeman filed an amended habeas petition on April 18, 2025. But the amended petition—which again repeatedly referenced § 2254—was not filed on the official form as ordered and was not signed under penalty of perjury. So on April 23, 2025, the Court "g[a]ve Freeman one final chance to follow the rules and its orders" and directed him to file an amended habeas petition on or before April 30, 2025, on the appropriate form. Order [11] at 1. The Court warned Freeman that if he failed to comply with that order, "his petition will be subject to immediate dismissal without prejudice and with no further notice." *Id.* at 2.

Once again, Freeman failed to comply. Instead, on April 30, he filed an unsigned motion to clarify. The Court directed Freeman to file a signed copy of his motion. Order [13]. Freeman complied with this order and also moved for the issuance of summonses.

II.     Analysis

   A.     Motions to Clarify

Since Freeman has now filed a signed motion to clarify, his initial unsigned motion [12] is denied. Turning to the signed motion, Freeman asks the Court "to clarify or modify any order requiring the filing of" an amended habeas petition on the official form for § 2254 petitions. Mot. [15] at 1. Freeman says because he is "not presently in custody under any state court judgment," he should not be required to fill out the § 2254 form, "which applies to those in actual or constructive custody." *Id.* But it was Freeman, not the Court, that repeatedly indicated he was proceeding under § 2254.

2

Since he doesn't want to comply with the rules governing § 2254 cases, Freeman now asks the Court to "accept his narrative pleadings and filings under 28 U.S.C. § 2241 or, in the alternative, treat his filings as properly initiated under 42 U.S.C. § 1983." *Id.* at 2. "A civil-rights complaint under 42 U.S.C. § 1983 is generally used to attack unconstitutional conditions of confinement or prison policies and procedures, while a habeas petition is used to seek an immediate or accelerated release from prison or custody." *Lopez v. Texas*, No. 1:22-CV-77, 2024 WL 5321255, at *2 (N.D. Tex. Dec. 9, 2024). So while a habeas petition generally seeks release, a § 1983 suit primarily seeks monetary damages. *Id.* Here, Freeman has never sought money damages for the alleged constitutional violations. He seeks primarily to have the state-court traffic charges against him dismissed.[1] Pet. [1] at 3 (seeking an order directing "the immediate dismissal of the charges"); Am. Pet. [9] at 5 (asking the Court to "dismiss all charges pending in Covington County Justice Court"). In view of this, and the fact that Freeman has repeatedly invoked § 2254, the Court declines to construe the case as one under § 1983.[2]

Given his pretrial status, Freeman may be correct that § 2241 is a more appropriate vehicle for his habeas claims. *See* 28 U.S.C. § 2254(a) (stating that habeas corpus relief under that section may be granted to "a person in custody pursuant to the *judgment* of a State court" (emphasis added)). So the Court will permit Freeman to elect to proceed under § 2241 instead of § 2254. But either way, the Court will require Freeman to file an amended petition on the official

---

[1] In fact, Freeman separately filed a case under § 1983 arising out of the same facts giving rise to this habeas petition. *Freeman v. Covington Cnty. Justice Ct.*, No. 2:25-CV-12-TBM-RPM (filed Feb. 4, 2025).

[2] Were the Court to find some portion of Freeman's case arises under § 1983, the Court would separate the claims and order a new case opened for Freeman's § 1983 claims. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). Freeman would then be responsible for the total filing fee of $405 in the § 1983 case.

form prescribed for the habeas statute he selects. The Court therefore attaches to this Order an additional copy of AO Form 241, the official form for § 2254 petitions, and a copy of AO Form 242, the official form for § 2241 petitions. Both forms require the petitioner to sign them under penalty of perjury. On or before June 10, 2025, Freeman shall file an amended habeas petition on either Form 241 or Form 242. Failure to comply with this Order will subject Freeman's petition to immediate dismissal without prejudice with no further notice. To the extent the Court has allowed Freeman to choose which habeas statute he wishes to proceed under, his motion to clarify [15] is granted.

      B.      Motion for Issuance of Summonses

Freeman asks "that the Court grant leave to issue summons to all named respondents in this habeas action." Mot. [14] at 1. His request is premature. As the Court has explained, Freeman's case is governed by the Rules Governing Section 2254 Cases in the United States District Courts.[3] Those rules require the petition "substantially follow" the prescribed form and be signed under penalty of perjury—two requirements with which Freeman has yet to comply. Rule 2(d) of the Rules Governing Section 2254 Habeas Cases in the United States District Courts. Once Freeman complies with Rule 2, then his petition will be subject to screening under Rule 4. It is only if the petition is not dismissed in the initial screening process that the Court "must order the respondent to file an answer, motion, or other response within a fixed time." *Id.* at Rule 4. Freeman's motion for issuance of summonses [14] is denied as premature.

---

[3] Even if Freeman elects to proceed under § 2241, the Court will apply the § 2254 rules. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *Okeayainneh v. McHenry*, No. 19-CV-1024, 2019 WL 6050059, at *1 (W.D. La. Oct. 28, 2019) (applying § 2254 rules to § 2241 petition).

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Freeman's unsigned motion to clarify [12] is denied; his motion for issuance of summonses [14] is denied as premature; and his second motion to clarify [15] is granted as stated above. Freeman shall file a signed copy of one of the two official forms attached to this order on or before June 10, 2025. Failure to do so may result in immediate dismissal of his petition.

**SO ORDERED AND ADJUDGED** this the 27th day of May, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE