UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLIFTON FREEMAN                                                                                           PETITIONER

V.                                                                       CIVIL ACTION NO. 2:25-CV-13-HSO-ASH

COVINGTON COUNTY JUSTICE COURT, ET AL.                                                  RESPONDENTS

REPORT AND RECOMMENDATION

Pro se Petitioner Clifton Freeman filed this habeas petition under 28 U.S.C. § 2254 on February 4, 2025. Since that time, he has repeatedly failed to comply with Court orders. As explained below, the undersigned recommends that Freeman's petition be dismissed without prejudice.

I.      Facts and Procedural History

Freeman's petition arises "from a traffic stop and arrest on October 15, 2024, during which" he says his "constitutional rights were repeatedly violated." Pet. [1] at 1. Shortly after Freeman filed his petition, he filed a Motion to Expedite Review in advance of his then scheduled February 12, 2025 trial on the traffic charges. Mot. [5]. On March 19, 2025, the Court denied that motion and directed Freeman to "complete and sign under penalty of perjury the form used to file a request for habeas relief pursuant to 28 U.S.C. § 2254" on or before April 9, 2025. Order [7] at 2. The Court's order warned Freeman that "failure to timely comply with any order of the Court will be deemed as a purposeful delay and contumacious act by Freeman and may result in this cause being dismissed without prejudice and without further notice." *Id.*

Because Freeman is proceeding pro se, when he failed to meet the April 9 deadline, the Court gave Freeman "an additional opportunity to comply with its order." Order [8] at 1. The Court directed Freeman to file an amended habeas petition "as directed in the Court's previous

order" by April 18, 2025. *Id.* The Court again warned Freeman that "[f]ailure to meet this deadline may result in this case being dismissed without prejudice and with no further notice." *Id.* "On April 18, 2025, Freeman filed an amended habeas petition." Order [11] at 1. But "[c]ontrary to the Court's instructions, Freeman did not use the form appended to the Rules Governing Section 2254 Cases in the United States District Courts" and "his amended petition [was] not 'signed under penalty of perjury'" as required by Rule 2(c)(5) of those rules. *Id.* On April 23, 2025, the Court gave "Freeman one final chance to follow the rules and its orders," directing him to "file an amended habeas petition on or before April 30, 2025" and specifying that the "amended petition ***must*** be on AO Form 241 and signed under penalty of perjury." *Id.* The Court's order warned Freeman that if he failed to comply, "his petition will be subject to immediate dismissal without prejudice and with no further notice." *Id.* at 2.

On April 30, 2025, Freeman filed an unsigned motion to clarify. The Court returned a copy of that motion to Freeman with directions to "place his original signature on pages 2 and 3" and "return the signed motion to this Court on or before May 19, 2025." Order [13]. The Court "warn[ed] Freeman that failure to timely and fully comply with any order of the Court may result in the dismissal of this case." *Id.* Freeman filed a signed copy of the motion to clarify as well as a motion for issuance of summonses on May 15, 2025. In his motion to clarify, Freeman said that because he is "not presently in custody under any state court judgment," that he should not have to fill out the § 2254 habeas form. "But it was Freeman, not the Court, that repeatedly indicated he was proceeding under § 2254." Order [16] at 2.

Still, "[g]iven his pretrial status," the Court concluded that "Freeman may be correct that § 2241 is a more appropriate vehicle for his habeas claims" than § 2254. *Id.* at 2. So it granted Freeman's motion to clarify to the extent that it permitted "Freeman to elect to proceed under

2

§ 2241 instead of 2254. But either way, the Court . . . require[d] Freeman to file an amended petition on the official form prescribed for the habeas statute he selects." *Id.* at 3–4. The Court directed Freeman to "file an amended habeas petition on either [AO] Form 241 or [AO] Form 242" on or before June 10, 2025. *Id.* at 4. Once again, the Court warned Freeman that "[f]ailure to comply with this Order will subject [his] petition to immediate dismissal without prejudice and with no further notice." *Id.*[1]

On June 9, 2025, citing "the passing and burial of his father," Freeman filed a motion for extension of time to file AO Form 242. Mot. [17]. The Court granted that motion and stated that "Freeman's deadline to comply with the Court's previous order is June 25, 2025." June 10, 2025 Text-Only Order. June 25 has now come and gone, and Freeman has yet to comply with the Court's orders.

II.   Discussion

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays

---

[1] The Court denied the motion for issuance of summonses. Order [16] at 4.

3

in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

As the foregoing recitation of the procedural history reflects, Freeman has ignored numerous orders of the Court. And the Court has repeatedly warned Freeman that failure to comply would result in the dismissal of this case. The Court's repeated warnings—and Freeman's refusal to heed them—reflect that sanctions lesser than dismissal will "not prompt diligent prosecution." *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). And nothing in the record suggests that further warnings will be effective. Instead, it is apparent that Freeman refuses to comply with Court orders and no longer wishes to pursue this petition. Dismissal without prejudice is warranted.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Freeman's petition be dismissed without prejudice for failure to comply with multiple Court orders.

IV. Notice of Right to Object

In accordance with the Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of July, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

5